IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JIMMIE L. BLAKE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil No. **04-871-WDS** |
| **LOWE'S HOME CENTERS, INC.,** ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's Motion for Jury Demand. **(Doc. 18)**. Defendant has filed a Response. **(Doc. 20)**.

This is a suit alleging age discrimination in employment, brought pursuant to **29 U.S.C.A. §621** *et seq*. Plaintiff did not demand a jury trial in his complaint, although he did indicate that he wanted a jury trial on the civil cover sheet. Plaintiff's motion states that the failure to demand a jury trial in the complaint was the result of a "mistake." **Doc. 18, p.1**.

**Fed.R.Civ.P. 38(b)** requires that a jury demand be filed with the Court and served on the parties. As defendant points out, asking for a jury on the civil cover sheet alone is insufficient to satisfy the Rule because the civil cover sheet is not served on defendant. **See,** *Early v. Bankers Life and Casualty Company***, 853 F. Supp. 268, 271, n. 4 (N.D. Ill. 1994).**

On February 3, 2005, Judge Stiehl set this case for a presumptive trial month of March, 2006. **See, Doc. 10.** Although the order setting the case does not so specify, the docket entry for **Doc. 10** states that the case was set for jury trial. The undersigned has confirmed that the case is, in fact, on Judge Stiehl's calendar as a jury trial. The instant motion was filed on June 13, 2005.

**Rule 39(b)** permits the Court "in its discretion" to order a jury trial.  "In the absence of strong and compelling reasons to the contrary, untimely jury demands should be granted." *Merritt v. Faulkner*, 697 F.2d 761, 767 (7th Cir. 1983).

Most of the cases in this Circuit on the application of **Rule 39(b)** are from District Courts, and are not binding precedent for this Court.  See, *Howard v. Wal-Mart Stores, Inc.*, 160 F.3d 358, 359 (7th Cir. 1998).  However, the reasoning of such cases can be enlightening.

In *Lawyer v. 84 Lumber Company*, 1997 WL 24748 (N.D. Ill. 1997), District Judge Hart, faced with an untimely jury demand, reviewed cases from the Seventh Circuit and Districts within this Circuit.  After noting that the cases are sometimes in conflict, he summed up the majority view as "untimely jury demands should be allowed absent strong and compelling reasons to the contrary."  He noted that the factors to be considered include "whether there is a right to a jury trial; whether the issues in the case are best suited to be tried before a jury; disruption to the court's or parties' schedules; prejudice to the adverse party; length of the delay in requesting a jury trial; and the reasons for failing to make a timely jury demand."  *Lawyer*, *1.  This Court will consider those factors.

Defendant does not dispute that there is a right to a jury trial in this case.

*Lawyer* was also an employment discrimination case.  Judge Hart noted therein that such cases involve disputes as to people's motivations, and that "Such issues do not require legal expertise and are better tried before a jury composed of a number of people instead of a single judge."  **Lawyer, *2, and cases cited therein.**  This Court agrees with that observation.

As to the third factor, there should be minimal, if any, disruption to the schedules of the court and parties.  Discovery is not scheduled to be completed until September 2, 2005, over two

2

months from now.  The case has already been placed on Judge Stiehl's jury trial calendar.

The delay in requesting a jury trial is relatively brief.  The motion was filed about six and one-half months after suit was originally filed.

Lastly, defendant suggests that it will be prejudiced because "extensive" written discovery has taken place, plaintiff's deposition was taken three days after the filing of the motion, and defendant has "developed much of the theory of its defense based on the idea that this case will be tried to the Court."  **Doc. 20, p. 4.**  However, defendant does not identify any specific thing that it would have done differently had it known that this case would be tried to a jury, and, as noted, discovery is not yet closed.

This Court has considered defendant's argument that allowing a late jury demand where counsel simply forgot to make a timely demand renders **Rule 38(b)**, which sets time limits for making a demand, meaningless.  Although **Rule 38(d)** states that the failure to make and serve a demand constitutes a waiver, **Rule 39(b)** gives the Court discretion to allow an untimely jury demand.  The exercise of sound discretion requires the Court a weighing of the relevant factors, rather than the mechanical application of a rule.  The cases cited by defendant wherein untimely demands were refused involved much longer delays and prejudice.  In *Early v. Bankers Life and Casualty Company*, **853 F.Supp. 268,  (N.D. Ill. 1994)**, the untimely jury demand was not made until plaintiff submitted his proposed final pre-trial order.  In *AM International, Inc. v. Eastman Kodak Company,* **648 F.Supp. 506 (N.D. Ill.1986)**, the delay was six years.  In *Koehring Finance Corporation v. Crane & Machinery, Inc.*, **1985 WL 2527 (N.D. Ill. 1985)**, the demand was sixteen months late, and was made four months after the close of discovery.

Here, the delay was short, and the motion seeking a jury trial was filed more than two

months before the close of discovery. Defendant has not cited any specific prejudice that it will suffer if the motion is granted. Granting the motion will not require any change in the Court's schedule. Under these circumstances, the Court will not deny plaintiff his important and fundamental right to a jury trial.

Upon consideration and for good cause shown, plaintiff's Motion for Jury Demand. **(Doc. 18)** is **GRANTED**.

**IT IS SO ORDERED.**

**DATE: June 28, 2005.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**