IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMIE L. BLAKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 04-CV-871-WDS |
| | ) |
| LOWE'S HOME CENTERS, INC., | ) |
| | ) |
| Defendant. | ) |

## O R D E R

**STIEHL, District Judge:**

Before the Court is defendant's motion to strike plaintiff's response to the motion for summary judgment (Doc. 52) to which plaintiff has filed a response (Doc. 57). In addition, plaintiff filed a motion for leave to file pleadings out of time (Doc. 56), to which defendant has filed an objection (Doc. 58).

Defendant filed a motion for summary judgment on November 1, 2005 (Doc. 38), and two supplements to the motion on the same day (Docs. 40, 41). These supplements were actually the exhibits in support of the motion. Plaintiff filed response to the motion on December 7, 2005 (Doc. 44), and a memorandum in opposition to the motion, with 31 attached exhibits on November 9, 2005 (Doc. 47).

In the motion to strike, defendant asserts that the response was due on December 5, 2005, but plaintiff filed two days late without a motion for leave to file or a request for an extension of time. Plaintiff, in response, and in the motion for leave to file, has indicated that the response was not timely filed due to a technical problem with electronic filing. Upon review of the record, the Court is persuaded that it is appropriate to allow plaintiff to file his response out of time given the nature of the delay. Accordingly, the Court **GRANTS** plaintiff's motion for leave to file, and **DENIES** defendant's motion to strike the response in its entirety.

Defendant moves, in the alternative, to strike paragraphs 3, 6, 8, 11 and 13 of the affidavit of Justin Honse filed as part of plaintiff's response to the motion for summary judgment on the grounds that these sections of the affidavit contain hearsay statements, statements not based on personal knowledge and lack foundation. The plaintiff has filed a response to this part of the motion to strike.

Under Federal Rule of Civil Procedure 56(e), affidavits must set forth such facts as would be admissible in evidence. This Court need not conduct a paragraph by paragraph analysis of the report and affidavit, a time-consuming exercise which might not advance the ultimate issues to be decided on summary judgment. *See Jackson v. Racine County*, 2005 WL 1767647 (E.D. Wis.2005). It is clear that at least portions of the affidavit are admissible at summary judgment. The Court, therefore, **DENIES** defendant's motion to strike the affidavit under Fed. R. Civ. P. 56(e). For purposes of summary judgment, the Court will only consider the portions of the Honse affidavit that have a direct bearing on the issues and that satisfy applicable summary judgment requirements, including Fed. R. Civ. P. 56(e). The Court will not give weight to statements that are obviously conclusions or are not based on personal knowledge.

Also before the Court is plaintiff's motion for leave to substitute affidavit (Doc. 60). Upon review of the record, the Court **GRANTS** plaintiff's motion and **DIRECTS** plaintiff to file the substitute affidavit of Justin Honse on or before January 27, 2006.

  IT IS SO ORDERED.

 DATED: January 25, 2006

                                                             s/ WILLIAM D. STIEHL
                                                                 DISTRICT JUDGE