IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JIMMIE L. BLAKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-CV-871-WDS |
| | ) | |
| LOWE'S HOME CENTERS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM & ORDER

**STIEHL, District Judge:**

This matter is before the Court on defendant's motion for summary judgment (Doc. 38), to which plaintiff has filed a response (Doc. 47), and defendant a reply (Doc. 50).

Plaintiff filed his complaint against defendant seeking to recover for alleged age-based discrimination. Plaintiff alleges that in December of 2002 he was terminated as a result of his age and he then filed a discrimination claim with the EEOC and the Illinois Human Rights Commission. He subsequently took employment at Varnell Struck and Associates. Plaintiff claims that in September of 2003, defendant gave a negative performance report to plaintiff's supervisor at Varnell Struck and Associates, and that plaintiff was ultimately fired from that position. These claims are all combined in a single count complaint against Lowe's.

In his response to the motion for summary judgment, plaintiff acknowledges that in the "current complaint" there are "insufficient facts of age discrimination while plaintiff was actually working for Lowe's to reach a jury." (Doc. 47). Plaintiff asserts, however, that there are sufficient facts to go forward on the retaliation claim.

Therefore, the Court **GRANTS** defendant's motion for summary judgment on plaintiff's claim of age discrimination, and will address only the issue of retaliation.

1.  Plaintiff's Retaliation Claim

The record reveals that in 1999, plaintiff was 64 years old when he was hired by Lowe's in Alton, Illinois. The defendant has submitted a statement of material facts to which plaintiff has filed a supplemental list of material facts.  Each side has responded.

Plaintiff's retaliation claim is based on events that occurred while he was employed by Varnell Struck, a company that contracted with Lowe's to service merchandise in the Lowe's stores, including the Alton store from which he had been fired.  The record reveals that plaintiff visited this store one to two times per week and his responsibility included taking inventory and rearranging shelves in the stores. (Pl. Dep. 127-28)   Lowe's had a protocol on how to document and destroy damaged products.  This protocol specified which individuals could destroy damaged property. (*Id.* at 131, 136.)  In September of 2003, plaintiff acknowledges that he threw damaged Lowe's products, including light fixture parts and ceiling tile, into the store dumpster (*id.* at 132).  The defendant asserts that plaintiff threw away aluminum facia and drip edge, which plaintiff denies. (Pl. Affidavit. ¶ 8-13).   The store manager, Lisman Dolphy, testified that he saw plaintiff taking facia and drip edge out of the store to the dumpster. (Dolphy dep. 43-43, 63-66).  Dolphy then had the department manager, Brial Blechick, check to see if plaintiff had done this, and it was confirmed.  He also checked to see if plaintiff had followed the protocol and filled out paperwork for the destroyed items, which he had not (*id.* at 44-45).   Plaintiff asserts that he was, at some point, given permission to throw away product, but he cannot remember when that occurred. (Pl. Depo. 139).  He also asserts that he made a list of the items he wanted to destroy and gave that list to the Lowe's RTM clerk (*Id.* at 135).  Based on this violation of store protocol, plaintiff's supervisor at Varnell Struck, Justin Honse, was advised that plaintiff could not return to the store. (*Id*. at 45-46).

A.   Standard of Review

"A claim for race, sex, age, or disability discrimination, or one for retaliation can survive

2

summary judgment if the plaintiff provides direct or indirect evidence of discrimination or retaliation." *Moss v. Ameritech Servs., Inc.,* 2006 WL 83394 (7th Cir. Jan. 11, 2006); *Rogers v. City of Chicago*, 320 F.3d 748, 753 (7th Cir.2003).

"Direct evidence essentially requires an admission by the decision-maker that his actions were based on the prohibited animus," *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 616 (7th Cir.2000). Plaintiff has presented no such direct evidence that he was retaliated against by Lowe's for filing the EEOC claim for age discrimination.

In evaluating retaliatory discharge claims, this Court can use the *McDonnell Douglas* burden shifting analysis. *Hiatt v. Rockwell Int'l Corp.*, 26 F.3d 761, 767 (7th Cir 1994) (*citing McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973)). Under this inquiry, plaintiff can establish the requisite "but-for" causation of his termination, without presenting either direct or circumstantial evidence that the termination was retaliatory. 26 F.3d at 767. The rationale behind this analysis is to allow plaintiffs to substantiate their claim, without subjecting them to the difficulties that they would otherwise likely encounter in discovering evidence about the allegations. *Id*.

Under the indirect method, for plaintiff to establish a prima-facie case, and thereby utilize this presumption, he must prove that he was: (1) the member of a protected class; (2) adequately performing his job; (3) but, nonetheless, he was terminated; (4) while others were treated more favorably. *Id*. at 768 (citation omitted). At a minimum, the plaintiff must establish a "triable issue as to each element in order to survive. . . summary judgment." *Griffin v. Potter*, 356 F.3d 824, 828 (7th Cir. 2004). In this case, this showing is difficult, given the nature of the plaintiff's claims, i.e. that he was removed from the Alton Lowe's store access and given a bad review by Lowe's employee Dolphy, in retaliation for his filing an EEOC claim against Lowe's.

Clearly plaintiff has established elements 1 and 3: he was a member of the protected class

due to his age and he was terminated. The next inquiry is whether plaintiff was meeting his employer, Varnell Struck's, expectations. According to the record, plaintiff, because he could not return to Lowe's, was terminated by Varnell Struck. He acknowledged in his deposition that any employee, Lowe's or Varnell Struck, would be terminated for throwing away products in contravention of Lowe's protocol. (Pl. Depo. at 157). Plaintiff claims that the reason he was not allowed to return to Lowe's was based on a false allegation of wrongdoing. He asserts he did not dispose of any aluminum facia or drip edge. (Pl. Depo. at ¶ 12.) He also asserts that Dolphy's allegations against him were the direct result of filing the age discrimination claim. (*Id*. at ¶ 15.) The record reveals that Varnell Struck's policy is that if an employee is asked not to return to any of the stores it serves, then the employee is unable to fulfill the job and will be terminated. (Coto Aff. ¶ 10.) Lynn Coto is the manager of Human Resources for Varnell Struck. Her affidavit further provides that as a result of his inability to complete his duties, plaintiff was terminated on September 15, 2003. (*Id.* at ¶ 11.) She further avers that Varnell Struck had not been informed by Lowe's that plaintiff had filed a charge of discrimination at any time during the investigation of why he was not allowed to return to defendant's Alton, Illinois store. (*Id.* at ¶ 13.)

     Plaintiff did, however, admit at his deposition that he did throw away Lowe's products in the store dumpster; that they included light fixture parts and ceiling tile; that there was a Lowe's protocol as to who could dispose of produce, but he did not review the protocol to determine if he was authorized to do so. (Pl. Depo. at 132, 131, 136). Plaintiff has provided the affidavit of his immediate supervisor at Varnell Struck, Justin Honse, which provides that he inquired into why Dolphy did not want plaintiff to return to the store and asked for documentation or further evidence, and that he did not believe that the plaintiff had done anything wrong and would not have terminated plaintiff but for the pressure from his superiors. (Honse Aff. at ¶¶ 5, 8, 15, 17.)

4

It is well settled in this circuit that "[s]elf-serving assertions without factual support in the record will not defeat a motion for summary judgment." *Jones v. Merchants Nat'l Bank & Trust Co.*, 42 F.3d 1054, 1058 (7th Cir.1994). In contrast, however, a self-serving affidavit supported by facts in the record can defeat summary judgment. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir.2003). The record may include the self-serving affidavit itself, if the affidavit "meets the usual requirements for evidence on summary judgment-- including the requirements that it be based on personal knowledge and that it set forth specific facts showing that there was a genuine issue for trial." *Id; See generally* 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2738 (3d ed.1998). Therefore, plaintiff's burden to overcome summary judgment "demands something more specific than the bald assertion of the general truth of a particular matter," and instead "requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted." *Drake v. Minnesota Mining & Mfr. Co.*, 134 F.3d 878, 887 (7th Cir.1998) (quotation marks and citation omitted).

In this case, the Court **FINDS** that plaintiff's affidavit, and that of Honse, do not create a genuine issue with respect to whether he was able to meet his employer's expectations. The bottom line is that he disposed of product at Lowe's without following Lowe's protocol, and on that basis was terminated from his employment with Varnell Struck.

Finally, plaintiff has not made out the fourth element of his prima facie case: similarly situated employees outside his protected class were not discharged. *See McDonnell Douglas*, 411 U.S. at 802; *see also Bellaver v. Quanex Corp.*, 200 F.3d 485, 493-94 (7th Cir.2000) (discussing prima facie case in context of reduction in force). It is the plaintiff's burden to present admissible evidence of a specific employee outside his protected class who was treated more favorably than he, *Adams v. Wal-Mart Stores, Inc.*, 324 F.3d 935, 939 (7th Cir.2003), and that employee must be "directly comparable to [him] in all material respects," *Patterson v. Avery*

5

*Dennison Corp.*, 281 F.3d 676, 680 (7th Cir.2002).  Here, plaintiff has not pointed to any other Varnell Struck employee, or any other vendor employee, who threw away product in an unauthorized fashion who was not terminated.  In fact, there were at least four other Varnell Struck employees were terminated for similar reasons–i.e. being asked not to return to a store that Varnell Struck serviced.  (Pl. Depo. at 137).   These individuals included two under forty years of age, Greg Lanta and Ken Ballantine; one over forty, Greg Hill; and one whose age was unknown, Stacey Feinburgh. (Coto Aff. at ¶ 15.)  Clearly, at least two individuals outside of his protected class were treated exactly the same as he was.  Plaintiff has not identified the fourth element of this required showing, and therefore, has not established a prima facie case.

Even assuming that plaintiff had established these elements, then the burden would shift to the defendant to present a "lawful, non-discriminatory reason" for firing him.  *See McDonnell Douglas*, 411 U.S. at 802. Once Lowe's establishes this legitimate reason, the burden shifts back to plaintiff, who must then show that the reasons proffered by Lowe's are merely pretext.  *Id*. Plaintiff must, therefore, show that Lowe's articulated non-discriminatory reason for its actions, i.e. that plaintiff violated Lowe's store policy in disposing of items without proper documentation,  was not legitimate.  *Hilt-Dyson v. City of Chicago*, 282 F.2d 456, 465 (7th Cir. 2002).   Plaintiff has acknowledged both in his affidavit and in his deposition that he did destroy Lowe's product without following the protocol, and that any Varnell Struck employee would be terminated for such a violation.  Therefore, the plaintiff has also failed to establish that Lowe's reason for its action was not based on a legitimate, non-discriminatory reason.  Accordingly, plaintiff has not met his burden at this level either.

For all of the foregoing reasons, the Court **GRANTS** defendant's motion for summary judgment on all claims.  The Clerk of the Court is **DIRECTED** to enter judgment in favor of defendant Lowe's Home Center, Inc. and against plaintiff, Jimmie L. Blake on all grounds. Each

6

party shall bear its own costs.

    **IT IS SO ORDERED.**

    **DATED: February 7, 2006**


                                           **s/ WILLIAM D. STIEHL**
                                                **DISTRICT JUDGE**