IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JIMMIE L. BLAKE**, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil No. **04-871-WDS** |
| | ) | |
| **LOWE'S HOME CENTER, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Each party to this litigation has filed a motion for sanctions relating to discovery. The
motions now before the Court are defendant's Motion for Fees and Costs  **(Doc. 63)** and
plaintiff's Motion for Sanctions **(Doc. 66)**.  Each party has responded to the other's motion.
**(Docs. 69 and 70)**.  In addition, defendant has filed a reply to plaintiff's response.  **(Doc. 71)**.


The Court notes that Judge Stiehl has granted defendant's motion for summary judgment,
and all discovery disputes are now moot.  **See, Doc. 72.**

Plaintiff's motion **(Doc. 66)** seeks sanctions pursuant to Fed.R.Civ.P. 11.  However,
plaintiff did not comply with the mandatory safe harbor procedure set forth in Rule 11(c)(1).
Therefore, the motion must be denied.

Defendant's motion **(Doc. 63)** seeks attorneys fees and costs pursuant to Rule 37 (a)(4)(a)
incurred as a result of preparing and filing its Motion to Compel Discovery, **Doc. 25**.

Defendant's motion to compel sought production of documents that were reviewed by
plaintiff in preparation for his deposition.  Plaintiff's counsel had instructed plaintiff not to

identify those documents at his deposition, in the mistaken belief that such information was privileged.  The Court granted defendant's motion and ordered plaintiff to submit to a supplemental deposition and to produce the documents.  **See, Doc. 48.**  Defendant now seeks fees and costs because the documents that were reviewed by plaintiff consisted of witness statements that had been produced by defendant in discovery, which were obviously not privileged.  In response, plaintiff's counsel states that he and "numerous other attorneys" take the position that anything given by an attorney to a client is "absolutely privileged."  **See, Doc. 69.**  That position is incorrect, for the reasons set forth in the Court's order granting defendant's motion to compel.

The fact that plaintiff's counsel was wrong about a discovery issue does not, without more, subject him or plaintiff to sanctions.  The Advisory Committee Notes, 1970 Amendment, to Rule 37 state that sanctions should not be imposed where the parties had a genuine dispute over discovery.  The Court finds that the parties here had a genuine dispute.  Plaintiff's counsel was mistaken in his opinion, but it does not appear that he was acting in bad faith.

Upon consideration and for good cause shown, both defendant's Motion for Fees and Costs  **(Doc. 63)** and plaintiff's Motion for Sanctions **(Doc. 66)** are **DENIED**.

**IT IS SO ORDERED.**

**DATE:  February 8, 2006.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES DISTRICT COURT**